UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61072-CIV-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ROBERT L. COTTON, and
COTTON & WESTERN MINING, INC.,

Defendants.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT COTTON & WESTERN MINING, INC.

This cause is before the Court upon Plaintiff's Notice of Filing Consent of Defendant Cotton & Western Mining, Inc., and Motion for Entry of Judgment of Permanent Injunction and Other Relief [D.E. 15]. After consideration, the Court now **GRANTS** Plaintiff's Motion [D.E. 15].

The Securities and Exchange Commission filed a Complaint, and Cotton & Western Mining, Inc. ("Cotton & Western"), entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief (the "Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

**I.**

**SECTION 17(a) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Cotton & Western and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive

actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1), by, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce or the mails, to employ any device, scheme, or artifice to defraud by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about

>   (A) any investment strategy or investment in securities,
>
>   (B) the use of investor funds,
>
>   (C) compensation to Defendant,
>
>   (D) Defendant's qualifications to advise investors; or
>
>   (E) the misappropriation of investor funds or investment proceeds.

## II.

## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Cotton & Western and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security

    a)   to employ any device, scheme, or artifice to defraud;  or

    c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the use of investor funds,

    (C) compensation to Defendant,

    (D) Defendant's qualifications to advise investors; or

    (E) the misappropriation of investor funds or investment proceeds.

## III.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Cotton & Western shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from

February 28, 2010, to the date of entry of the disgorgement order, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement or civil penalties, or both, and at any hearing held on such a motion (a) Cotton & Western will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Cotton & Western may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement or civil penalties, or both, the parties may take discovery, including discovery from appropriate non-parties.

IV.

### INCORPORATION OF COTTON & WESTERN'S CONSENT

**IT IS ORDERED AND ADJUDGED** that Cotton & Western's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Cotton & Western shall comply with all of the undertakings and agreements set forth therein.

V.

## **RETENTION OF JURISDICTION**

**IT IS ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 21st day of November 2012.

```
_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE
```

cc:

counsel of record